**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

In re:  Bk. No. 05-03276 (JMD)
                                                                                    Chapter 11
422 Corporation de Puerto Rico,
        Debtor

## ORDER

The Court has before it United Surety and Indemnity Company's Motion for Relief from Stay (Doc. No. 57) (the "Motion for Relief") and Debtor's Urgent Motion for Interim Order (Doc. No. 66) (the "Urgent Motion"). The Court held a hearing on the motions on July 29, 2005.

The Urgent Motion requests the Court to enter an order directing United Surety & Indemnity Agreement ("USIC") to endorse a check issued by Puerto Rico Public Housing Administration ("PRPHA").

On April 22, 2005, Debtor and USIC entered into an stipulation regarding the use of the proceeds ("Contract Funds") of Debtor's construction contract (the "Contract") with the Puerto Rico Public Housing Administration ("PRPHA") for the modernization of Las Américas Public Housing Project (the "Project"). Debtor alleged that USIC breached the stipulation by refusing to endorse a check issued by PRPHA in the amount of $103,434.95 for work performed by Debtor in the Project, notwithstanding it had agreed to endorse all future checks issued by PRPHA. Debtor further requested an order directing PRPHA to issue all future checks for work performed in the Project, solely to the name of Debtor.

USIC filed an opposition to the order requested by Debtor on grounds that: a) the Contract Funds are USIC's collateral to the guarantee provided through bond number 0283435 ("the Bond") and both Puerto Rico and Federal law, grant USIC a superior right to the Contract Funds; b) the

Contract Funds are not part of the Estate; c) Debtor defaulted its obligation to provide USIC adequate protection and, therefore, should be prohibited from using the cash collateral; and, d) Debtor breached the stipulation executed on April 22, 2005, by failing to provide the agreed weekly reports to USIC. Simultaneously with its opposition, USIC filed the Motion for Relief requesting relief of the automatic stay in order to collect and administer the Contract Funds. After the hearing on July 29, 2005, the Court requested that the parties attempt to develop mutually agreeable operating procedures for the administration of the Contract Funds and took the matters under advisement. The parties, have agreed upon the operating procedures incorporated in this Order

After notice and a hearing, it is hereby ORDERED:

1. Effective immediately, PRPHA shall make payment for all progress payment applications for work performed by Debtor in the Project, by check payable solely to the order of Debtor.

2. Debtor is hereby ordered to maintain segregation of all the proceeds of the Contract, including but not limited to progress payments, change orders, claims and retainage. Debtor is further ordered to deposit the proceeds of the Contract (progress payments, change orders, claims and retainage) in the account number 2204003819 of Westernbank, Lajas Branch. Debtor may only use the Contract Funds (progress payments, change orders, claims and retainage) to pay:
   a. wages and payroll taxes for employees that provide direct labor for the Project;
   b. materials incorporated in the Project;
   c. subcontractors that performed work for the Project; and
   d. indirect overhead payments to the Debtor for its general overhead expenses in the amount of $20,000.00 per month to be paid by check from account number 2204003819. Indirect overhead expenses shall not be paid directly from account number 2204003819; instead, once a month Debtor will draw a check for $20,000.00 from account number 2204003819 and deposit said funds in its general operation account.

3. No later that 2:00 P.M. every Wednesday, commencing on Wednesday, August 10, 2005, Debtor shall send to USIC, via electronic mail to hse@saldanalaw.com, the following information and documents:
   a. Copy of the bank statement for account number 2204003819 of Westernbank, Lajas Branch, which reflects the cash balance in the account as of the date the information is transmitted to USIC.
   b. Name, address, gross and net salary of each employee included in the payroll that will be paid at the end of the then current week.

      c.    Copy of each invoice Debtor proposes to pay during the following week, together with copy of the check prepared by Debtor to pay each of said invoices. The checks Debtor issues from the aforementioned account must be consecutively numbered, and should there be the need to void any particular check, Debtor must also provide copy of the same to USIC together with the check that it proposes to send out.

4. Debtor may maintain in the Project's office a petty cash account of no more than $2,000.00 to pay miscellaneous project expenses. However, Debtor will submit to USIC, together with the foregoing, copy of the receipts for cash purchases, and copy of the check it proposes draw from account number 2204003819 to reimburse such cash purchases to the petty cash account.

5. USIC shall have until 2:00 P.M. every Friday to object any payment proposed by Debtor. Payments not objected by said deadline shall be deemed accepted by USIC. Should there be an objection by USIC to any proposed payment, Debtor is hereby ordered not to make the same until further order by the Court. In such event USIC shall file a motion by the next Tuesday specifying its objection to the proposed payment and Debtor will respond in three working days. Failure to file a motion with the specific objection to a particular payment shall be deemed as a withdrawal of the objection and Debtor may proceed to issue the same. Conversely, should Debtor fail to respond to USIC objection within three working days shall be deemed as an acceptance of USIC objection and Debtor shall be prohibited from making the payment in question as if a final order had been entered. Provided the aforementioned objection and response are filed the Court will issue its ruling without a hearing unless it is requested by either party in its motion or response.

6. The Motion for Relief DENIED.

7. The Urgent Motion is GRANTED in part and DENIED in part as set forth in this Order.

ENTERED at San Juan, Puerto Rico.

Date: August 9, 2005                /s/ J. Michael Deasy
                                            J. Michael Deasy
                                            Bankruptcy Judge
                                            sitting by designation